# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-40863
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CAESAR A RODRIGUEZ; CONCEPCION A ACOSTA

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-522-1

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Caesar A. Rodriguez and Concepcion A. Acosta appeal their convictions and sentences for possession with intent to distribute more than 1000 kilograms of marijuana and aiding and abetting. They argue that their statements should have been suppressed because there was an unreasonable delay between their arrest at 1 a.m. on a Saturday and their initial appearance before a magistrate judge on the following Tuesday. Although, shortly after his arrest, Rodriguez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

made inconsistent statements which were used against him at trial, he has not shown that he was prejudiced by the delay as he did not make any further incriminating statements as a result of the delay. See United States v. Martin, 431 F.3d 846, 849 (5th Cir. 2005).

Acosta made an incriminating statement during an interview with Investigator Ricardo Rivera on Monday during the delay between his arrest and initial appearance. The district court denied Acosta's motion to suppress his statements based on a Fourth Amendment violation and determined that his confession was given voluntarily after he was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The district court implicitly determined that Acosta's statement was not made as a result of threats or coercion. Acosta testified at trial that police officers tried to wear him down in order to elicit damaging statements. Rivera and Officer Carlos Mireles testified that Acosta appeared to be in good health, alert, and awake and that he did not complain of heart related symptoms or any other medical problems. Rivera testified at trial that the initial appearance did not take place on Monday because he was still investigating the case and preparing the complaint against Rodriguez and Acosta on Monday. Because Acosta has not shown that the delay had a coercive effect on his confession or that there was a specific causal connection between the delay and his confession, he has not shown that the district court erred in denying his motion to suppress his statement due to the delay between his arrest and his initial appearance. See Martin, 431 F.3d at 849.

Rodriguez and Acosta argue that the evidence presented at trial was insufficient to support their convictions. Rodriguez and Acosta made numerous inconsistent statements, gave implausible explanations of their actions, and had possession of large amounts of cash. Further, Acosta made a statement to Rivera that he agreed to transport a load of 300 pounds of marijuana for Miguel Centenio and was to be paid $28,000. The actual quantity of marijuana hidden

in the trailer was 2,196 kilograms (4,831 pounds). The large quantity and value of the marijuana ($3 million) are additional probative evidence that Rodriguez and Acosta knew that the marijuana was hidden in the trailer. See United States v. Villareal, 324 F.3d 319, 324 (5th Cir. 2003); United States v. Garcia-Flores, 246 F.3d 451, 455 (5th Cir. 2001). Therefore, a review of the evidence indicates that a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that Rodriguez and Acosta possessed the marijuana with intent to distribute it. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Acosta argues that the district court erred in increasing his offense level pursuant to U.S.S.G. § 3C1.1 based on a finding of obstruction of justice without making the requisite finding that he committed perjury. Because Acosta did not raise this issue in the district court, review is limited to plain error. See United States v. Castillo, 430 F.3d 230, 241-42 (5th Cir. 2005). The district court adopted the factual findings in the Presentence Report (PSR), including the finding that in a post-arrest interview Acosta admitted that he agreed to transport the marijuana for a fee and that at trial Acosta falsely testified that he did not know that the marijuana was hidden in the trailer. Thus, the district court found that Acosta obstructed justice by testifying falsely at trial that he did not know that the marijuana was hidden in the trailer. See United States v. Creech, 408 F.3d 264, 270-71 (5th Cir.), cert. denied, 126 S. Ct. 777 (2005). Further, the district court's adoption of the PSR's findings demonstrates that the district court did not base the enhancement solely on the jury's verdict. See United States v. Ricardo, 472 F.3d 277, 285-86 (5th Cir. 2006). Acosta has not shown that the district court plainly erred in enhancing his sentence based on its finding of obstruction of justice. See id.; see also United States v. Wild, 92 F.3d 304, 308 (5th Cir. 1996).

AFFIRMED.